In re Bonnie Joh CADY, Debtor.

Bonnie Joh Cady, Plaintiff,

v.

SR Financial Services, JP Morgan Chase & Co., and Does 1 through 10, inclusive, Defendants.

Bankruptcy No. 01–07510–B7.

Adversary No. 07–90267.

United States Bankruptcy Court, S.D. California.

March 12, 2008.

Michael G. Doan, Doan, Levinson & Liljegren, LLP, Carlsbad, CA, for Plaintiff.

S R Financial Services, pro se.

Brian C. Frontino, Stroock & Stroock & Lavan LLP, Los Angeles, CA, for Defendant.

## ORDER ON APPLICATION FOR DEFAULT JUDGMENT

PETER W. BOWIE, Chief Judge.

Debtor reopened her discharged Chapter 7 case to file the instant adversary complaint against SR Financial Services and another entity, which has since been dismissed. Service appears to have been made, but no response or other pleading has been filed by SR Financial. Accordingly, debtor sought and obtained a default order, which was also served on SR Financial. Debtor now seeks a default judgment against SR. For the reasons set out hereafter the request for default judgment is denied.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

Debtor's complaint is styled "Adversary Proceeding for Violations of Discharge Injunction", and cites to 11 U.S.C. §§ 105, 524. Since this adversary proceeding was filed, and since debtor applied for default judgment, the Court has had multiple occasions to examine issues underlying the complaint. At the center is debtor's implicit assertion that section 524 and/or section 105 give her a private right action to enforce the discharge injunction of § 524 or the court's contempt powers under § 105. The Ninth Circuit Court of Appeals has determined that no such private

right of action exists under either statute. *Walls v. Wells Fargo Bank,* 276 F.3d 502 (9th Cir.2002). In that case, the court was directly urged to find a private right of action under both § 524 and § 105. The court rejected those arguments. In discussing the question, the court noted:

> Walls argues that § 524 creates substantive rights in favor of the debtor; therefore § 105(a) should be available to enforce these rights and should not be limited only to authorizing a cause of action for contempt.

276 F.3d at 506. Walls invoked a First Circuit decision, *Bessette,* but the Ninth Circuit stated:

> We disagree that *Bessette* goes so far, but regardless, are persuaded that violations of that section may not independently be remedied through § 105 absent a contempt proceeding in the bankruptcy court.

*Id.* The Ninth Circuit's reading of *Bessette* was that in its decision:

> The First Circuit addressed only the § 105(a) issue. It states that § 105 does not itself create a private right of action, but that it does provide a bankruptcy court with statutory contempt powers in addition to whatever inherent contempt powers the court may have. Because these powers inherently include the ability to sanction a party, the court concluded that a bankruptcy court is authorized to invoke § 105 to enforce the discharge injunction and order damages for the debtor if appropriate on the merits.
>
> . . .
>
> Walls suggests that § 105 may be used to create substantive rights in the Code, therefore a private right of action is appropriate because § 105 empowers the bankruptcy court to use "any" means necessary to advance the purpose

of the Code. However, to create a new remedy would put us in the business of legislating.

276 F.3d at 506–07.

In deciding that Congress did not intend to create a private right of action under § 524 or under § 105, the Ninth Circuit observed:

> In the 1984 amendments, Congress added subsection (b) to § 362, expressly conferring on debtors the right to sue for damages for a willful violation of the automatic stay. Section 524 was amended on the same day, but no similar provision, providing a private right of action for violation of the discharge injunction, was added.

276 F.3d at 509. After another sentence, the court placed its footnote 3, which stated:

> This also bolsters our conclusion that § 105 does not allow for a private right of action to enforce § 524. If Congress had understood § 105 as permitting a private cause of action, the 1984 amendment creating one for violations of § 362 would have been superfluous.

*Id.*

Yet another reason presented by the Ninth Circuit for why implying a private right of action would be inappropriate was recognition that:

> Implying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction.

*Id.*

 In light of *Walls,* it is clear that debtor has no private right of action under either § 524 or § 105. So, rhetorically,

the question is how does she get her concerns before the Court. The answer should be clear: Debtor wants this court to utilize the court's powers under § 105 to remedy an alleged violation of the discharge injunction. To do so, she needs to ask the court to examine the circumstances. She cannot, however, simply sue defendants under the authority of the court's powers because she would thus be exercising a right of action she does not have, at least on a *de facto* basis.

The Court recognizes, however, that the water is somewhat muddied by language such as in *Walls*, where Walls had, in part, sued for contempt. There, the district court referred the "request for contempt to the bankruptcy court." 276 F.3d at 507. Or, in *In re Dyer*, 322 F.3d 1178, 1189 (9th Cir.2003), where the court stated:

> Nonetheless, we have held that the Trustee may be entitled to recovery for violation of the automatic stay "under section 105(a) as a sanction for ordinary civil contempt."

The *Dyer* court referenced the *Walls* decision in stating that the trustee "is limited to the civil contempt remedy provided by § 105(a)." To the extent such language can be read to suggest a trustee does have a private right of action under § 105(a), it is diametrically contrary to *Walls*, which has not been reversed or vacated. Moreover, such a reading would be inconsistent with *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir.2002), where the court found it was not necessary to assert a counterclaim for § 105 sanctions because such sanctions are a part of the relief a court can grant independent of any formal demand in a party's pleadings.

Echoing the concerns of the *Walls* court, in *In re Startec Global Comm'n Corp.*, 292 B.R. 246, 253–54 (Bankr.D.Md.2003), the court noted:

Generally, enforcement of a court's order by contempt power is the sole province of the court that originated the order. . . .

Just as modification or vacatur of an order must be sought from the originating court, . . . request for the enforcement must be addressed to the originating court. If parties could apply to another tribunal, or arbitrator, to determine whether an order of another court has been breached, or should be enforced, and by what means, an improper collateral attack on the order effectively would be permitted. . . . Therefore, this court, and this court only, has the power to enforce its own order and sanction violations by civil contempt.

### Conclusion

Because debtor has no private right of action under 11 U.S.C. §§ 524 or 105, she is not entitled to take judgment against SR Financial Services, even by default. Accordingly, debtor's request for entry of a default judgment shall be, and hereby is denied.

IT IS SO ORDERED.